# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MALIK MAKKALI, a/k/a Gary Cloird                                PETITIONER

v.                  NO. 5:13CV00201 BSM/HDY

RAY HOBBS, Director of the                                       RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

In 1992, petitioner Malik Makkali, a/k/a Gary Cloird, ("Makkali") was convicted in an Arkansas state trial court of rape and theft of property and sentenced to an aggregate term of thirty-five years imprisonment. He prosecuted an unsuccessful direct appeal, see Cloird v. State, 314 Ark. 296, 862 S.W.2d 211 (1993), and an unsuccessful request for post-conviction relief, see Cloird v. State, 1995 WL 93688 (Ark.S.Ct. 1995).

In 1995, Makkali filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Cloird v. Norris, 5:95CV00550 GH. The petition was dismissed, and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability. The United States Supreme Court thereafter denied a petition for writ of certiorari. See Cloird v. Norris, 519 U.S. 1133 (1997).

In 1997, Makkali filed his second petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Cloird v. Norris, 5:97CV00307 GH. The petition was dismissed without prejudice because it was a second or successive petition and he failed to obtain the permission of the Court of Appeals before filing it. He did not thereafter obtain permission to file the petition.

Makkali returned to state court and undertook a series of attempts to attack his convictions. The attempts will not be summarized, although respondent Ray Hobbs ("Hobbs") has done so in his response. See Document 19 at 2-3. It is sufficient to simply note that the attempts bore no fruit.

In 2013, Makkali commenced the case at bar by filing his third petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In his submissions, he advanced eight claims, one of which is that the State of Arkansas withheld exonerating evidence in the form of DNA testing, fingerprints, and a shotgun.[1] The undersigned accepts that this claim is new in the sense that he learned about it after the dismissal of his two earlier petitions.

In response, respondent Ray Hobbs ("Hobbs") asked that the petition be dismissed because it is a second or successive petition, and Makkali has neither sought nor obtained permission from the Court of Appeals to file the petition. With respect to the claim that the State of Arkansas withheld exonerating evidence, Hobbs maintained that it was "still subject to the requirement of pre-authorization." See Document 19 at 5.

The undersigned briefly reviewed the parties' submissions and determined that Makkali should be accorded an opportunity to submit a reply to Hobbs' response. Makkali was invited to do so, but he failed to take advantage of that opportunity.

The undersigned has now thoroughly reviewed the parties' submissions. For the reason that follows, the undersigned recommends that Makkali's petition be dismissed without prejudice, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealability be denied.

---

[1] Makkali's also alleged the following: (1) he was improperly denied a juvenile transfer hearing and improperly tried as an adult; (2) counsel was ineffective for failing to challenge the sufficiency of the evidence, and Makkali was deprived of the right to challenge counsel's ineffectiveness and the trial court's jurisdiction; (3) counsel was ineffective for failing to subpoena alibi witnesses and telephone records; (4) Makkali was tried for a rape he was not accused of committing; (5) counsel was ineffective for failing to request a mental competency evaluation for Makkali and for failing to withdraw from the case; (6) a jury instruction was ambiguous; and (7) he was denied access to the courts.

The petition at bar is clearly a successive petition as Makkali has previously filed two petitions pursuant to 28 U.S.C. 2254 challenging his 1992 convictions. 28 U.S.C. 2244(b) applies to the petition at bar, and the permission, or pre-authorization, of the Court of Appeals is required before the petition can be considered by the district court.[2] He has not obtained the requisite pre-authorization.

The only question is whether Makkali's one new claim, i.e., his claim that the State of Arkansas withheld exonerating evidence, can be considered without pre-authorization. The undersigned finds that it should not be considered for three reasons.

First, as a general proposition, "[e]ven new claims based on new evidence cannot be raised in an second or successive habeas petition without pre-authorization from the apposite federal appellate court." See Caroon v. Hammer, 2013 WL 5359559 at 3 (D.Minn. 2013) [citing Tompkins v. Secretary, Department of Corrections, 557 F.3d 1257, 1260 (11th Cir. 2009); Crawford v. Minnesota, 698 F.3d 1086 (8th Cir. 2012)]. Even though Makkali's claim is new, it is still subject to the pre-authorization requirement.

Second, assuming arguendo that the claim is not subject to the pre-authorization requirement, Makkali has known about some of the facts underlying the claim, specifically, the facts relating to the DNA evidence, since at least 2002 when he first raised them in a state petition for error coram nobis. See Cloird v. State, 349 Ark. 33, 76

---

[2] The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

S.W.3d 813 (2002). The state Supreme Court affirmed the dismissal of the petition in 2004, see Cloird v. State, 357 Ark. 446, 182 S.W.3d 477 (2004), but he waited another nine years to finally raise the facts in a petition pursuant to 28 U.S.C. 2254. Given this delay, the facts relating to the DNA evidence are stale.

Third, assuming arguendo that the claim is not subject to the pre-authorization requirement and the claim is not stale, the facts underlying the claim do not warrant relief. Given the weight of the evidence against Makkali, see Cloird v. State, 357 Ark. 446, 182 S.W.3d 477 (2004), the facts underlying the claim are not sufficient to establish that, but for the constitutional violations, no reasonable factfinder would find him guilty of the offenses.

In conclusion, the petition at bar is clearly a successive petition as Makkali has previously filed two petitions pursuant to 28 U.S.C. 2254 challenging his 1992 convictions. He was required, but failed, to obtain pre-authorization to file his petition. Although he raises a new claim in his petition, the claim should not be considered. Accordingly, the undersigned recommends that his petition be dismissed without prejudice so that he may seek pre-authorization, and all requested relief should be denied. Judgement should be entered for Hobbs, and a certificate of appealability should be denied.[3]

DATED this ___30___ day of October, 2013.

---

[3] One concluding point is in order. In Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), United States District Judge Billy Roy Wilson chose not to dismiss a petitioner's second or successive petition but instead ordered the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Makkali's petition should not be treated likewise.

_____
UNITED STATES MAGISTRATE JUDGE